E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, Criminal Division
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorney
Cyber and Intellectual Property Crimes Section
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
National Cryptocurrency Enforcement Team
Computer Crime and Intellectual Property Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2429/1785
Facsimile: (213) 894-0141
E-mail: nisha.chandran@usdoj.gov
maxwell.coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAREN LI,
aka "Devon,"
aka "KG-PERFECT,"
aka "RF," and
YICHENG ZHANG,
aka "Eason,"

Defendants.

No. CR 2:24-00311-RGK

STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT

**CURRENT TRIAL DATE: 7/9/2024**
**PROPOSED TRIAL DATE: 4/15/2025**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Maxwell Coll and Nisha Chandran; defendant Daren Li ("defendant LI"), both individually and by and through his counsel of record, Robert Darren

Cornforth; and defendant Yicheng Zhang ("defendant ZHANG"), both individually and by and through his counsel of record, Deputy Federal Public Defender James S. Threatt, hereby stipulate as follows:

1. The Indictment in this case was filed on May 15, 2024. Defendant LI first appeared before a judicial officer in this case in the United States District Court for the Northern District of Georgia on April 15, 2024, and first appeared in the Central District of California in this case on May 1, 2024. Defendant ZHANG first appeared before a judicial officer of the court in which the charges in this case were pending on May 16, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 24, 2024, for defendant LI, and on or before July 25, 2024, for defendant ZHANG.

2. On May 16, 2024, the Court set a trial date of July 9, 2024.

3. Defendants LI and ZHANG are detained pending trial. The parties estimate that the trial in this matter will last approximately two weeks. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants LI and ZHANG move to continue the trial date to April 15, 2025. This is the first request for a continuance.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. Defendants LI and ZHANG are charged with violations of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h); and International Money Laundering, in violation of 18

U.S.C. § 1956(a)(2)(B)(i). Upon entry of respective protective orders, the government will produce discovery to the defense, including thousands of pages of financial documents, photographs, videos, electronic messages, and written reports, among other files. The government also seized several electronic devices and is in the process of translating written and audio messages from Mandarin to English. The government will produce additional discovery as it becomes available.

      b.   Defense counsel for defendant LI is presently scheduled to be in trial as described in Appendix A. Accordingly, counsel for defendant LI represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.   Defense counsel for defendant ZHANG is presently scheduled to be in trial as described in Appendix B. Accordingly, counsel for defendant ZHANG represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      d.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   e. Defendants LI and ZHANG believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   f. The government does not object to the continuance.

   g. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of June 4, 2024 to April 15, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 4, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

*/s/ Maxwell Coll*
MAXWELL COLL
NISHA CHANDRAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

I am Defendant LI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 15, 2025, is an informed and voluntary one.

Robert Darren Cornforth
Attorney for Defendant
DAREN LI

6-11-24
Date

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Mandarin, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 15, 2025.

Daren Li
DAREN LI
Defendant

6-11-2024
Date

**CERTIFICATION OF INTERPRETER**

I, Yanyan Liu, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant DAREN LI on this date.

Interpreter

6-11-24
Date

I am Defendant ZHANG's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 15, 2025, is an informed and voluntary one.

James S. Threatt
Deputy Federal Public Defender
Attorney for Defendant
YICHENG ZHANG

06/17/2024
Date

I have read this stipulation and have carefully discussed it with my attorney. This agreement has been read to me in Mandarin, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 15, 2025.

YICHENG ZHANG
Defendant

06/17/2024
Date

**CERTIFICATION OF INTERPRETER**

I, Yanyan Liu, am fluent in the written and spoken English and Mandarin languages. I accurately translated this entire agreement from English into Mandarin to defendant YICHENG ZHANG on this date.

Interpreter

6/17/2024
Date

**APPENDIX A: LIST OF ATTORNEY OBLIGATIONS**

- United States v. Sun, Case No. 2:24-cr-1007-BTM, a wire-fraud case set for a trial-setting conference on June 24, 2024. Trial is estimated to last five days.

- People v. Hsiao, Case No. 22HF0471, Orange County Superior Court, a kidnapping case set for trial on August 19, 2024, and estimated to last two weeks.

- United States v. Jiang, Case No. 24-CR-187-CLS, a wire-fraud case set for trial on August 27, 2024, and estimated to last five days.

**APPENDIX B: LIST OF ATTORNEY OBLIGATIONS**

- United States v. Qian Guo, Case No. 2:23-CR-00535-SVW, a five-defendant conspiracy to defraud the United States case, which has been pending since October 19, 2023, has been continued one time, and is set for a one-week trial on June 25, 2024. The parties have prepared a stipulation to continue the trial to February 11, 2025.

- United States v. Damian Robert Stanek, Case No. 2:23-CR-00235-DMG, a single-defendant felon in possession of a firearm case, which has been pending since May 31, 2023, has been continued once, and is set for a three-to-four day trial on July 9, 2024. It is unknown at this time whether the parties will seek a continuance.

- United States v. Roy Alonzo, Case No. 2:23-CR-00586-JAK, a single-defendant distribution of methamphetamine and possession of a firearm in furtherance of drug trafficking case, which has been pending since December 27, 2023, has been continued once, and is set for a three-to-four-day trial on July 23, 2024. It is unknown at this time whether the parties will seek a continuance.

- United States v. Bernhard Eugen Fritsch, Case No. 2:17-CR-00520-DSF, a single-defendant wire fraud case, which has been pending since August 17, 2017, has been continued twelve times, and is set for a 2-week trial on October 1, 2024. It

is not yet known whether a further continuance will be requested.

- United States v. Daniel Osmani Perez, Case No. 2:24-CR-00023-FMO, a single-defendant possession with intent to distribute methamphetamine case, which has been pending since January 11, 2024, has been continued one time, and is set for a three-to-four-day trial on November 12, 2024. It is not yet known whether a further continuance will be requested.

- United States v. Francisco Santos-Sweet, Case No. 5:18-CR-00316-TJH, a single-defendant kidnapping and transportation of a minor with intent to engage in sexual activity case, which has been pending since August 17, 2022, has been continued twice, and is set for a six-to-seven-day trial on January 28, 2025. It is not yet known whether a further continuance will be requested.